■ DWAYNE-MICHAEL GRIMALDI, Respondent, v MANHATTAN ARMS HOTEL, INC., et al., Appellants, et al., Defendant. [833 NYS2d 97]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered on or about May 16, 2006, which denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

Plaintiff claims that he was injured when a tenant living at a single room occupancy hotel owned and operated by appellants dropped an air conditioner onto the street as she was trying to remove it from the window. The tenant testified that no one at the hotel ever had anything to do with the air conditioner, she wanted to take the air conditioner out because it was winter and cold, and she requested the hotel staff's assistance but was told no one on staff was available at the time. She then at-

tempted to remove the air conditioner herself without informing the staff, but it slipped out of her hands and fell out the window. Appellants' principal testified that tenants were not allowed to have air conditioners in their rooms, and that he was not aware that the tenant had one until he heard of the accident. Plaintiff does not allege, and there is no evidence, that the air conditioner was improperly installed or otherwise itself constituted a danger. Appellants moved for summary judgment, arguing that they never maintained the air conditioner and had no duty to control the tenant's behavior. The motion was denied on the ground that issues of fact exist as to whether the tenant's request for assistance made the accident foreseeable and whether appellants were negligent in failing to provide the requested assistance or "take other steps to protect passersby." This was error. Even assuming that appellants were under a duty to help the tenant remove the air conditioner, that such duty gave rise to a corresponding duty of care to members of the public at large, and that the tenant's attempt to remove the air conditioner without assistance rendered the accident foreseeable, there is no evidence that the hotel had reason to believe that the tenant would attempt to remove the air conditioner without assistance. Concur—Tom, J.P., Sullivan, Williams, Buckley and Kavanagh, JJ.